UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| STEVEN RAY TIMMONS, | ) | C/A No.: 4:15-cv-1759-HMH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| WARDEN, KERSHAW CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |

_____ )

Petitioner, Steven Ray Timmons, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 24, 2015. (Doc. #1). Respondent filed a motion for summary judgment on November 2, 2015, along with a return and memorandum. (Docs. #28 and #29). The undersigned issued an order filed November 2, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #30). Petitioner filed a response on February 4, 2016, and Respondent filed a reply on February 8, 2016.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

(Docs. #42 and #45).

## PROCEDURAL HISTORY

Petitioner responded to the motion for summary judgment asserting that the procedural history set forth in the State's return contained incorrect dates. The State filed a reply correcting the dates. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent including the corrected dates.

Petitioner is currently incarcerated in Allendale Correctional Institution pursuant to an order of commitment from the Clerk of Court for York County. Petitioner was indicted at the June 2012 term of the York County Grand Jury for Burglary, Third (3rd) Degree and Petit Larceny, three counts of Petit Larceny, five counts of Breaking into a Motor Vehicle, and one count of Burglary, First Degree, and one count of Burglary, Second Degree. Petitioner was represented by Michael G. Matthews, Esquire.

Petitioner was about to go to trial on Burglary 3rd Degree and Petiti Larceny on July 9, 2012, when he decided to plead no contest. The Honorable John C. Hayes, III, accepted the negotiated plea/sentence, and Petitioner was sentenced, pursuant to the negotiated sentence, to ten (10) years for one (1) count of Petit Larceny,

third (3rd) or subsequent offense [Enhanced Sentence], and ten (10) years, consecutive, for another count of Petit Larceny, third (3rd) or subsequent offense [Enhanced Sentence]. Pursuant to the negotiated plea/sentence, Judge Hayes sentenced Petitioner to a sentence of time served on all remaining charges in keeping with the negotiated plea/sentence. Petitioner did not directly appeal his guilty plea convictions or sentences. (App. pp. 1-28).

**PCR**

Petitioner filed an application for post-conviction relief (PCR) on June 3, 2013. Respondent filed its return on August 28, 2013. An evidentiary hearing was convened on January 21, 2014, before the Honorable J. Michael Baxley, Circuit Court Judge. Petitioner was present and represented by Leah B. Moody, Esquire. Petitioner testified at the hearing. Additionally, Petitioner's sister, Samantha Timmons, and Petitioner's father, Sam Timmons, testified on his behalf. Petitioner's plea counsel, Michael G. Matthews, also testified at the evidentiary hearing. By order dated May 6, 2011, Judge Baxley denied relief and dismissed Petitioner's PCR application.

**PCR APPEAL**

Petitioner filed a notice of appeal from the denial of his PCR application by way of a Johnson petition for Writ of Certiorari to the South Carolina Supreme Court.

Petitioner was represented in the appeal by Benjamin Tripp, Esquire. Petitioner raised the following issue:

> 1. Did the record support the PCR court's conclusion that Petitioner voluntarily pled guilty in accordance with his best interests to a second degree burglary charge where Petitioner testified at the PCR hearing that although he took the furniture from a mobile home, he had permission and did not burglarize it and where both his sister and father appeared and testified that Petitioner had permission to be in the trailer and remove furniture?

(Johnson Petition). Counsel requested to be relieved as counsel. Petitioner filed a *pro se* Response to the Johnson petition. In the *pro se* Response, Petitioner raised the following issues to the South Carolina Supreme Court:

> 1. I never received my preliminary hearing, nor did I waive my right to one;
> 2. I never got a (Rule 5) Motion of discovery materials until May 2013 almost a year after I was sentenced.
> 3. My attorney was ineffective for failing to investigate my case, and for failing to visit the crime scene to take pictures to show that there wasn't a crime;
> 4. I was the Assistant Solicitor's 2012 project, meaning that with the vindictiveness of the Solicitor had toward me, to ensure that I would serve a substantial prison sentence;
> 5. I was in the process of proceeding to trial, but took the plea because I was left with no choice. I wasn't clear headed. I feel I was backed into a corner left with only one option. I was left in duress. (Pro se Response, pp. 1-21).

On April 8, 2015, the South Carolina Supreme Court denied the petition and granted collateral appellate counsel's request to withdraw. The remittitur was

4

issued on April 24, 2015.[2]

## HABEAS ALLEGATIONS

Petitioner raised the following in his petition, quoted verbatim:

GROUND ONE:    Unlawfully Convicted of a Burglary that wasn't Committed (Actual Innocents) 6th and 14th manifest injustice.

Supporting Facts:    My father (Samuel Timmons) gave me permission to remove the furniture from the trailer after asking My sister (Samantha Timmons) because she had gotten new furniture. Both witnesses testimony to exonerate myself. Sufficient evidence is lack to support the charges.

GROUND TWO:    Ineffective Assistance of Counsel, 14th, 6th

Supporting Facts:    Counsel failed to move for continuance for available –witnesses in my favor. Counsel failed to investigate the alleged crime scene to show no crime was committed. Counsel waited almost a year after sentenced to disclose (Mod.) motion of Discovery. Counsel never reviewed the evidence in my defense or the State's discovery with me. Never had a Preliminary Hearing, never

---

[2] In the return, Respondent raised an affirmative defense that the petition was barred by the statute of limitations. However, in the reply, Respondent asserts that it had made a scrivener's error in the computation of the one year statute of limitations. Therefore, Respondent asserts Petitioner is not in violation the AEDPA one (1) year statute of limitations under any computation, whether computing from the dismissal of the PCR appeal or the date the remittitur was issued.

waived my right to one.

| | |
|---|---|
| GROUND THREE: | Petitioner was unconstitutionally forced to choose between Plea or take trial that I wasn't prepared for. |

Supporting Facts:    Counsel's memorandum (State's 1), he tells where trial wasn't a option for me. July 9th was my son's birthday so I wasn't clear headed during my plea. Solicitor's treats were used to push me into a plea. Counsel said it was my best interest to plea to something im innocent for. All witnesses not there. No M.O.D., no defense to develop my side of the truth.

GROUND FOUR:    My due rights was violated with the vindictive the Solicitor had toward me. 14th, 8th

Supporting Facts:    Email stating I was his "2012 project" on record. Comments stating he was going to keep coming after me until I was sentenced to 20 years. Made sure I had (2) strikes on my record. treats of adding charges on pregnant G/f, also LWOP.

(Petition)(errors in original).

## **STANDARD FOR SUMMARY JUDGMENT**

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if

6

the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds

of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).

Rather, the party must present evidence supporting his or her position through

"depositions, answers to interrogatories, and admissions on file, together with . . .

affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel

Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.


## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case. <u>Humphries v. Ozmint</u>, 397 F.3d 206, 216 (4th Cir. 2005) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." <u>Id</u>. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." <u>McHone v. Polk</u>, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, <u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal

which could have been raised at an earlier time. Further, if a prisoner has failed to file

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from

proceeding in state court.

    If the state courts have applied a procedural bar to a claim because of an earlier

default in the state courts, the federal court honors that bar. State procedural rules

promote

> . . . not only the accuracy and efficiency of judicial decisions, but also
> the finality of those decisions, by forcing the defendant to litigate all of
> his claims together, as quickly after trial as the docket will allow, and
> while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

    Although the federal courts have the power to consider claims despite a state

procedural bar,

> . . . the exercise of that power ordinarily is inappropriate
> unless the defendant succeeds in showing both "cause" for
> noncompliance with the state rule and "actual prejudice"
> resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)).

See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

    Stated simply, if a federal habeas Petitioner can show (1) cause for his failure

to raise the claim in the state courts, and (2) actual prejudice resulting from the failure,

a procedural bar can be ignored and the federal court may consider the claim. Where

a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See <u>Murray v. Carrier</u>, 477 U.S.478, 496 (1986).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues that he was unlawfully convicted of a Burglary that he did not commit and that there was a lack of sufficient evidence to support the charge. Thus, Petitioner argues actual innocence. Respondent argues that this issue is procedurally barred because it was procedurally defaulted in state court at the trial/plea court level, on direct appeal, and at PCR. Respondent further argues that Petitioner waived and abandoned this claim by pleading guilty.[3]

Any due process argument on this issue was not presented to the state courts and would be procedurally defaulted as a free standing constitutional claim.  This claim is not properly before this court, as it has not been "fairly presented" during state proceedings. <u>George v. Angelone</u>, 100 F.3d 353, 362 (4th Cir.1996). A federal court's habeas review focuses on the state court decision that already addressed the

---

[3] In Petitioner's response to the motion for summary judgment, Petitioner asserts that he was not advised of his right to appeal. This issue was not raised and ruled upon in state court and not raised in his habeas petition. Therefore, this issue is barred from federal review.

claims, not "the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D.Va.1997), appeal dismissed, 139 F.3d 891 (4th Cir.1998). This issue was not raised at trial or in a direct appeal.

Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[4] Therefore, it is recommended that Respondent's motion for summary judgment be granted and Ground One be dismissed as procedurally barred.

---

[4] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)).

**Ground Two**

In Ground Two, Petitioner alleges the following:

Counsel failed to move for continuance for available –witnesses in my favor.  Counsel failed to investigate the alleged crime scene to show no crime was committed.  Counsel waited almost a year after sentenced to disclose (M.O.D.) motion of discovery.  Counsel never reviewed the evidence in my defense or the State's discovery with me.  Never had a Preliminary hearing, never waived my right to one.

(Petition).

Respondent argues that the portion of Ground Two alleging Petitioner did not receive a preliminary hearing is procedurally barred. Respondent argues that this issue was waived and abandoned as the PCR court did not rule on this issue and a Rule 59 motion was not filed. This court agrees with the Respondent that this portion of Ground Two is procedurally barred in that it was not ruled upon by the PCR court. Thus, this issue was not exhausted for purposes of habeas review. Petitioner cannot show deficient performance or prejudice to overcome the default because any claim for relief based on trial counsel's failure to hold a preliminary hearing was waived by Petitioner's subsequent guilty plea.  Furthermore, failing to request or obtain a preliminary hearing is an issue of state law. "Nothing in the United States Constitution requires such a hearing. . . " <u>Lopez v. Cartledge</u>, 2015 WL 5554562 at *6 (D.S.C. Sept. 21, 2015). Accordingly, Petitioner has not shown that his PCR counsel was

13

ineffective under Strickland and that the underlying ineffective claim of trial counsel is substantially meritorious to overcome the procedural bar. See Martinez v. Ryan,132 S. Ct. 1309 (2012).

Respondent argues that the remaining issues raised in Ground Two lack merit because Petitioner failed to show the state court made an unreasonable determination of the facts in regards to this claim.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington,

466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

In the order of dismissal, the PCR court noted that Petitioner raised the following grounds in his application:

1. "Never given Rule (5)"
   a. "Didn't receive Rule (5) till [sic] May 2, 2013"
2. "Never given Brady Rule (Law)"
   a. "Solicitor was well aware of Brady law"
3. "Never given Preliminary Hearing"
   a. "Still never received preliminary"

(Tr. 110).

The PCR court noted that Counsel testified that he met with Applicant and discussed the discovery, but did not give him a copy of the discovery as most of the material was copied on DVDs and CDs. (Tr. 112-113). The court further noted that counsel testified that he reviewed the pictures of the mobile home with Applicant, that he thought of no reason to take more photographs of the mobile home because Applicant confirmed that the pictures already taken were those of the mobile home, that he thought he had all of the necessary witnesses for trial, that he did not need to subpoena other witnesses because the witnesses he would have called were also State's witnesses, and he was concerned if he had moved for a continuance like

16

Applicant requested due to his sister's absence, the State would retract the offer or the

trial judge would not grant the motion when her testimony was not needed due to

having two other witnesses that would have testified to the same information the sister

could have provided. (Tr. 113-114). The PCR court found Petitioner's testimony

regarding ineffective assistance of counsel not credible while finding counsel's

testimony credible. (Tr. 116). The PCR judge held as follows:

> This Court finds counsel provided effective assistance of counsel in this
> case, and that Applicant's claims are without merit. Counsel advised
> Applicant of all of the charges and the sentences the charges carried.
> Counsel also negotiated with the State in Applicant's best interests. The
> Court finds Applicant was charged with multiple and different crimes
> and had a difficult decision to make: accept the plea offer and receive a
> certain and definite sentence or proceed to trial and the face unknown
> consequences. The Court finds Applicant made the decision on his own
> accord with the help of learned counsel. Additionally, this Court finds
> Applicant made this decision freely and voluntarily without any threats
> or promises from any individual. Furthermore, the Court finds that it was
> ultimately the Applicant's decision to plead guilty, and that the decision
> Applicant made was in his best interests. . .
>
> The Court finds the Applicant has failed to prove the first prong of the
> Strickland test-that counsel failed to render reasonably effective
> assistance under prevailing professional norms. The Applicant failed to
> present specific and compelling evidence that counsel committed either
> errors or omissions in his representation of the Applicant. The Court also
> finds the Applicant has failed to prove the second prong of
> Strickland–that he was prejudiced by counsel's performance. This Court
> finds Applicant has failed to meet his burden of proving counsel's
> performance was deficient or that he was prejudiced thereby.
> Accordingly, this allegation of ineffective assistance is denied.

(Tr. 116-117).

17

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra.  The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true.  The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which

his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir. 1975).[5]

Based on the above discussion, it is recommended that the Respondent's motion for summary judgment be granted with regard to Ground Two.

## GROUND THREE

In Ground Three, Petitioner alleges he was forced to choose between a plea or a trial that he was not prepared for and that the solicitor pushed him into a plea. Respondent argues that to the extent Petitioner is raising a prosecutorial misconduct argument, it is procedurally barred because Petitioner did not raise any claim of prosecutorial misconduct at his guilty plea or on direct appeal.

The issue of prosecutorial misconduct was not raised and ruled upon by the state courts. Therefore, as to any claim of prosecutorial misconduct, Respondent's motion as to Ground Three should be granted and Ground Three dismissed as

---

[5] <u>See</u> <u>also</u> <u>Bemis v. United States</u>, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); <u>United States v. Butt</u>, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4 th Cir.1975)).

procedurally barred. Petitioner has not shown cause to overcome the procedural bar.[6]

Respondent argues that if Petitioner is raising a claim of involuntary plea, the issue was not raised at his guilty plea, and he did not file a direct appeal. Therefore, Respondent argues that the issue of an involuntary plea would be procedurally barred.

Petitioner did not file a direct appeal. Therefore, an issue of an involuntary plea was not raised in state court and is procedurally barred from federal habeas review. Wainwright v. Sykes, 433 U.S. 72 (1977); Coleman v. Thompson, supra. Petitioner has not shown cause to overcome the default.


**GROUND FOUR**

In Ground Four, Petitioner argues that his constitutional rights were violated by the solicitor's "vindictive" attitude toward him. Respondent argues that this ground is procedurally barred as the issue was not raised at the guilty plea or on direct appeal.

The issue of prosecutorial misconduct was not raised and ruled upon by the state courts. Therefore,  Ground Four is procedurally barred. Petitioner has not shown

---

[6] As this is an issue of prosecutorial misconduct,  Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) would not be applicable because  it applies to underlying claims of ineffective assistance of trial counsel not prosecutorial misconduct.

cause to overcome the procedural bar.[7]    Accordingly, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Four, and the issue dismissed.

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #28) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
April <u>15</u>, 2016                                          United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[7] <u>Martinez v. Ryan</u>, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) would not be applicable for the same reasons set forth in note 6 above.